UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | Case no.: 17cv3656 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| CODILIS & ASSOCIATES, P.C. | ) | |
| and SERVIS ONE, INC. | ) | |
| d/b/a BSI FINANCIAL SERVICES, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Patricia Rodriguez, brings this First Amended Complaint to secure redress for relief against Defendants Codilis & Associates, P.C. and Servis One, Inc. d/b/a BSI Financial Services. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplementary jurisdiction, if any, arises under 28 U.S.C. § 1367.

2. Venue in this District is proper as to Defendants Codilis & Associates, P.C. and Servis One, Inc. d/b/a BSI Financial Services because Defendants transact business here and the debt collection activity upon which this Complaint is based was performed here.

## PARTIES

3. Plaintiff, Patricia Rodriguez, ("Mrs. Rodriguez" or "Plaintiff") is a natural person and resident of Cook County, Illinois, from whom Defendants Codilis &

1

Associates, P.C. and Servis One, Inc. d/b/a BSI Financial Services attempted to collect a defaulted debt, allegedly owed for a defaulted mortgage loan, alleged to be owed to Christian Trust. Mrs. Rodriguez is thus a "consumer" as defined by 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant Codilis & Associates, P.C. ("Codilis") is a law firm headquartered in Cook County, Illinois and is a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail, litigation and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts due or owed or asserted to be due or owed another.

5. The principal purpose of Codilis's business is the collection of defaulted consumer debts via litigation, telephone, and/or the mails.

6. In 2016, Codilis filed over 1000 debt collection lawsuits in Cook County, Illinois, to collect defaulted consumer debts.

7. Defendant Servis One, Inc. d/b/a BSI Financial Services ("BSI") is a loan servicer that began servicing the defaulted mortgage loan after Plaintiff was alleged to have defaulted on the same.

8. BSI is as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts due or owed, or asserted to be due or owed, another.

## STANDING

9. Plaintiff has standing because she has suffered an injury-in-fact as the result of Defendants' actions. Specifically, Defendants each have misrepresented

the amount of the alleged debt that each have attempted to collect, which is enough to establish Article III standing despite the fact that she never paid the illegal amounts sought. *See, e.g.*, *Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998).

10. Defendants' communications have resulted in a substantial risk of harm to Plaintiff. Had Plaintiff paid the illegal amounts sought, she would have either paid more or less than the "total amount" owed on the alleged debt, to her detriment. Thus, the wrongly-stated amounts sought as being due created a real risk of harm in the form of potential overpayment, or underpayment of the alleged debt. Though the risk of harm from overpayment is obvious, Plaintiff could also have been harmed by underpaying on the alleged debt due to her understanding that the "total amount due" before a date certain actually included *all* amounts due—when Defendants' apparent current position is that the "total" that was communicated to Plaintiff is not *really* the total, but just part of the amounts due and owing. Thus, Plaintiff could have based her decision to pay based on erroneous information—information which could have affected her decision, and ability, to pay the alleged debt, or not.

11. Because Defendants' misrepresentations as to the amounts owed deprived Plaintiff of accurate material information that posed a risk of real harm, she satisfies the concrete-harm requirement. *See, e.g.*, *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258, at *14-16 (N.D. Ill. July 11, 2016).

## FACTS

12. According to Defendants, Mrs. Rodriguez defaulted on a mortgage loan and thus incurred a debt ("alleged debt"). The debt was incurred in connection with a mortgage loan that Mrs. Rodriguez obtained for purchase of her primary residence, and

3

thereafter transferred to Christiana Trust. The debt was thus incurred for personal, family, or household purposes. The debt she incurred is thus a debt as that term is defined by § 1692a(5) of the FDCPA.

13. Specifically, according to Defendants, Mrs. Rodriguez failed to make payments the balance on the alleged debt.

14. The alleged debt was in default before BSI began servicing it on behalf of Christiana Trust.

15. BSI assigned to, or placed the debt with, Codilis for collection from the Plaintiff.

16. Codilis was authorized to attempt to collect the alleged debt on behalf of BSI.

17. At all times relevant to this Complaint, BSI authorized, directed and ratified Codilis' actions taken in connection with the collection of the alleged debt from Mrs. Rodriguez.

18. Codilis acted in a representative capacity on behalf of BSI.

19. Codilis' employees or representatives were acting at the control and direction of BSI, which is vicariously liable for the actions of Codilis' employees and/or representatives.

20. On January 5, 2016, Christiana Trust, through BSI and its attorneys Codilis, filed a lawsuit against Mrs. Rodriguez in an attempt to collect the alleged debt. The Complaint was styled as *Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust v. Patricia*

*Rodriguez et al*, case # 2016 CH 000100 in the Circuit Court of Cook County, Illinois ("State Action").

21. Thereafter, Defendants filed a motion for entry of an order of default and judgment of foreclosure and sale ("Motion"). (see attached Exhibit).

22. The Motion was mailed to Plaintiff on or after May 13, 2016, and was filed in connection with the collection of the alleged debt.

23. The Motion contains an "Affidavit of Amounts Due and Owing" that states in part as follows:

**Total Amount Due through 4/14/2016          \*\*$198,765.76**

(see attached Exhibit)

24. The "Affidavit of Amounts Due and Owing" was signed by "Natalie Owens", and was notarized on March 25, 2016.

25. The "Affidavit of Amounts Due and Owing" states that "Prior Attorney Fees" are $765.00.

26. The Motion also contains a document that purports to be a letter from BSI mailed to Plaintiff, dated March 16, 2016, that contains a "payoff calculation", which states as follows:

**Total Amount to Pay Loan in Full on 4/14/16     $210,781.65**

(see attached Exhibit)

27. The letter dated March 16, 2016 containing a "payoff calculation" was mailed by BSI, though not received by Plaintiff or her attorney, other than as part of the Motion. The letter does not state that BSI is a debt collector, and misrepresents that the next payment on the loan was due on March 1, 2015.

5

28. The Motion misrepresents the amount of the debt, as the "total" amount due to pay the loan in full cannot be both $198,765.76 and $201,781.65 if paid on or before 4/14/2016, and thus at least one said amount is incorrect.

29. The Motion also includes a "Certificate of Prove-up of Attorney Fees and Costs" that seeks a "Total" amount of attorney fees and costs of $3246.00.

30. The "Certificate of Prove-up of Attorney Fees and Costs" states that $1610 is owed in "Foreclosure Attorney Fees", $250 is owed in "Amended Complaint Attorney Fees", and $100 is owed in "Case Management Attorney Fees".

31. The total amount of attorney fees stated as being owed in the "Certificate of Prove-up of Attorney Fees and Costs" is $1960.00

32. The amount of attorney fees stated as being owed in the "Certificate of Prove-up of Attorney Fees and Costs"—$1960.00—does not match the figure in the "Affidavit of Amounts Due and Owing", which states that "Prior Attorney Fees" are $765.00.

33. There is no explanation as to how the $1960 in attorney fees stated to be owed in the "Certificate of Prove-up of Attorney Fees and Costs" can be reconciled with the $765 figure that is listed as being owed for "prior attorney fees", in the "Affidavit of Amounts Due and Owing".

34. As "prior attorney fees" is listed as a line item in the "Affidavit of Amounts Due and Owing", an unsophisticated consumer would be confused when presented with a vastly different amount of attorney fees in the "Certificate of Prove-up of Attorney Fees and Costs", which also purports to communicate the amount of attorney fees owed to date.

6

35. This is especially true due to the fact that the "Affidavit of Amounts Due and Owing" states that the "***Total*** Amount Due through 4/14/2016" is $198,765.76, which would include ***all*** attorney fees incurred to that date, since prior attorney fees are listed as a line item. (emphasis added).

36. An unsophisticated consumer would read the words "total amount" due to mean that payment of the amount listed would satisfy the obligation in full.

37. Communicating a "Total Amount Due through 4/14/2016" which excludes various attorney fees and costs that are in fact also due and owing falsely states the *total* amount due, and would confuse the unsophisticated consumer.

38. Communicating two different **total** amounts due through the same date—04/14/2016—would confuse the unsophisticated consumer, as at least one of the amounts is incorrect and thus false.

39. The addition of the amount of $3246 in the "Certificate of Prove-up of Attorney Fees and Costs" to the $198,765.76 figure in the "Affidavit of Amounts Due and Owing" does nothing to clarify the confusion, as the resulting sum of $202,011.76 does not match the "total amount to pay loan in full figure of $201,781.65, contained in the BSI letter dated March 16, 2016, attached within the Motion.

40. The BSI letter dated March 16, 2016, attached within the Motion, also contains a line item titled "unpaid late charges" for the amount of $873.73 due in said amount if paid on or before 04/14/2016.

41. The "Affidavit of Amounts Due and Owing", however, states that late charges are only $268.84 for the same time period—to 04/14/2016.

7

42. Communicating two different amounts for late charges due through the same date—04/14/2016—would confuse the unsophisticated consumer, as at least one of the amounts is incorrect and thus false.

43. Defendants communicated to Plaintiff, and sought to collect, "unpaid late charges" to which BSI was not entitled under any applicable agreement or Illinois law.

44. Defendants communicated to Plaintiff, and sought to collect, attorney fees in a false amount.

45. Defendants' representations of amounts due of $198,765.76 and $201,781.65 as the "total" amounts due are false, as Defendants sought further money from Plaintiff beyond the "total" amounts due that they state, which renders each amount a misrepresentation of the actual "total" amount due and owing on or before 04/14/2016.

46. BSI is liable for the actions of Codilis, committed in connection with the collection of the alleged debt from Plaintiff. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *20 (7th Cir. Apr. 7, 2016) ("Asset Acceptance is itself a debt collector, so under the logic of Pollice and Fox, it may be held liable for Fulton's violations of the Act in the course of activities undertaken on its behalf.").

47. Section 1692e of the FDCPA provides as follows:

**§ 1692e. False or misleading misrepresentations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt; or**
**(B) any services rendered or compensation which may be lawfully received**

8

> **by any debt collector for the collection of a debt.**
> …
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

48. Defendants violated §§ 1692e, e(2)(A), e(2)(B), and e(10) of the FDCPA when they made false, deceptive, and/or misleading representations in the connection with the collection of a debt.

49. Specifically, Defendants violated § 1692e of the FDCPA when they made false, deceptive, or misleading representations in the Motion as to the amounts of attorney fees, charges, costs, late fees and/or other amounts owed by Plaintiff, and BSI also violated section 1692e by misrepresenting the deadline for making the next payment on the loan in its letter to Plaintiff.

50. Defendants violated § 1692e(2)(A) of the FDCPA when they made false, deceptive, or misleading representations in the Motion, falsely representing the character, amount, or legal status of the debt as Plaintiff did not owe the amounts stated to be owed.

51. BSI violated § 1692e(11) of the FDCPA by failing to communicate, in its letter dated March 16, 2016, that it is a debt collector, as the letter was not the first communication to Plaintiff from BSI made in connection with the collection of the alleged debt. In the alternative, if the March 16, 2017 letter was the initial communication with Plaintiff from BSI in connection with the collection of the alleged debt, then BSI violated § 1692g of the FDCPA by failing to provide a Notice of Debt to Plaintiff within five days of the initial communication with Plaintiff made in connection with the collection of the debt.

52. Defendants violated § 1692e(10) when they made false, deceptive, or misleading representations in the Motion. Specifically, Defendants violated §1692e(10) by using false representations or deceptive means to collect a debt by misrepresenting the amounts that Plaintiff owed.

53. Section 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

54. Defendants violated 1692f and f(1) by attempting to collect amounts from Plaintiff that were not authorized by the agreement creating the debt or permitted by law.

55. Plaintiff was distressed by receiving the false and conflicting information, and was also confused, irritated and upset as a result.

56. Defendants' collection communications and activities are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

57. As a result of Defendants' actions, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF—FDCPA—BSI AND CODILIS

WHEREFORE, Plaintiff requests that judgment be entered in her favor against Defendants for the following:

    a.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    b.    Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    c.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Such other or further relief as this Court deems proper.


Respectfully Submitted,

By: /s/ M. Kris Kasalo


**The Law Office of M. Kris Kasalo, Ltd.**       By: s/ Mario Kris Kasalo
20 North Clark Street, Suite 3100       Mario Kris Kasalo
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com


### CERTIFICATE OF SERVICE

I, Mario Kris Kasalo, an attorney, certify that I shall cause to be served a copy of **FIRST AMENDED COMPLAINT** in this case that will be served upon each party that has filed an appearance herein, via their attorneys of record via ECF, on June 28, 2017.


By: /s/Mario Kris Kasalo
Mario Kris Kasalo